929 So.2d 1233 (2006)
Janet VICKNAIR
v.
FIREFIGHTERS' PENSION & RELIEF FUND OF the CITY OF NEW ORLEANS.
No. 2005-CC-2327.
Supreme Court of Louisiana.
May 26, 2006.
CALOGERO, C.J., dissents and assigns reasons, VICTORY, J., would grant.
*1234 CALOGERO, Chief Justice, dissents from the denial of writ application.
I respectfully dissent from the majority's decision to deny the writ application filed by defendant, Firefighters' Pension & Relief Fund of the City of New Orleans. Because the ruling of the court of appeal is wrong under the law, I would grant this writ application and reverse that decision. Under the applicable law, defendant cannot be required to continue paying plaintiff, the ex-wife of a deceased employee, a percentage of a survivor benefit that no longer exists because no "survivors" exist to whom a benefit is due.
Although I dissented in Johnson v. Wetherspoon, 96-0744 (La.5/20/97), 694 So.2d 203, I now accept as a controlling precedent of this court, the majority's holding therein that an ex-wife is entitled to a portion of a survivor benefit in a situation in which a surviving spouse was being paid a survivor benefit. Consistent with Johnson, the district court in this case had previously held that plaintiff was entitled to receive a portion of the survivor benefit being paid to its employee's surviving spouse. However, the issue presented by this writ application is not controlled by Johnson, as is demonstrated by the majority's framing of the issue in that case as follows: "whether survivor benefits... belong to the surviving spouse in full ownership or whether the surviving spouse must account to a former spouse in community" whose claim is based on community property rights. Prior to the judgment at issue herein, the employee's surviving spouse died, meaning there is no surviving spouse to "account" to the ex-wife for a portion of a survivor benefit, which is a significant distinction from Johnson.
More importantly, the court in Johnson concluded by stating that "any benefit payable by a retirement plan, to the extent attributable to the community, is an asset of the community." As explained below, there is no "benefit payable" at issue herein. Even a superficial reading of 11:3378 reveals that the defendant has no obligation to pay a survivor benefit to any person because no "survivors" exist. Under that statute, the only persons entitled to receive survivor benefits are the deceased employee's "surviving spouse"/widow and the deceased employee's "dependent children," or, in the absence of both, the deceased employee's widowed mother dependent upon him for support. The denial of defendant's writ application means that defendant will be required to pay and plaintiff will be allowed to receive payment of a portion of a survivor benefit that is not due anybody under any reasonable interpretation of any jurisprudential or statutory language since the employee whose service would support a survivor benefit has no survivors, as defined by the statute. Since there are no survivors entitled to receive benefits, the ex-wife is not entitled to receive a portion of a survivor benefit. It is axiomatic that any percentage of no benefit is still nothing, as the district court indicated.
Ultimately, if given application across the board,[1] the court of appeal decision *1235 herein could cause serious harm to the State's retirement systems, which would be obligated to pay a former wife a pension she is not entitled to receive under any provision of law. Pensions should be supported by contributions, actuarial assumptions, and/or precise statutes. Statutory modifications of extant pension plans have been criticized over the years for placing pension benefits at risk, often as a product of legislative fiat. Courts not only do not have that prerogative, but should not add to the problems facing retirement systems. Thus, I would grant and docket this writ to consider reversing the court of appeal and reinstating the district court judgment.
The only defensible position that may have prompted votes to deny this writ is that the district court's previous judgment in this very case[2] indicated that the ex-wife is entitled "for her lifetime" to a portion of the survivor benefit. Under different circumstances, that language (dicta, in fact) might arguably be considered res judicata to the issue presented herein, although I'm not prepared even to make that concession. However, La.Code of Civ. Proc. art. 927(B) expressly provides that the exception of res judicata "must be specially pleaded," meaning that the exception cannot be raised by this court. Since there has not been any such special pleading, it would be inappropriate to supply that exception.
NOTES
[1] Fortunately, "[t]he denial of a writ in this Court has no precedential value and should in no way be construed as an adoption of a court of appeal's ruling or reasoning." Giorgio v. Alliance Operating Corp., 05-0002, n. 22 (La.1/19/06), 921 So.2d 58 quoting Long v. State of Louisiana, Through the Department of Transportation and Development, 04-0485, p. 4, n. 7 (La.6/29/05), 916 So.2d 87,
[2] Because the previous judgment only settled a dispute between the two wives regarding entitlement to a "payable" survivor benefit of a specified amount, the defendant herein had little interest in challenging that judgment since it had no effect on the amount being paid by defendant, and only determined the percentage of the total survivor benefit due each of the two wives.